**In Re: Louis C. TYLER, Petitioner.**

No. 07–3274.

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 21, Fed. R.App. P.
Aug. 2, 2007.

Filed: Aug. 22, 2007.

Louis C. Tyler, Labelle, PA, pro se.

BEFORE: SLOVITER, CHAGARES
and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Louis C. Tyler, a state inmate, petitions for a writ of mandamus pursuant to 28 U.S.C. § 1651 requiring the District Judge to act on a June 3, 2007, motion for reconsideration in relation to a petition for a writ of habeas corpus sought on May 14, 2007.

Mandamus is a drastic remedy granted only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). The petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, *and* the reviewing court must determine that the writ is appropriate under the circumstances. *Id.* at 378–79. District courts are generally given discretion over management of their dockets. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir.1982).

Only when undue delay is tantamount to a failure to exercise jurisdiction does it provide grounds for issuance of a writ of mandamus. *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996).

Here, Tyler filed the instant mandamus petition in this court on July 30, 2007, just 45 days after he had filed the motion for reconsideration on which he wishes the District Court to rule. Such routine delay falls well short of what might support issuance of a writ of mandamus by this Court. *See id.* (more than 130 days without ruling on a Magistrate Judge's Report and Recommendation regarding a petition for writ of habeas corpus not grounds for issuing writ of mandamus).

For the foregoing reasons, the petition for a writ of mandamus is denied.